■ Howard Ostwind et al., Plaintiffs, v Patricia Kerley et al., Appellants, and Seymour Aron, Respondent. (Action No. 1.) Seymour Aron, Respondent, v Patricia Kerley et al., Appellants. (Action No. 2.)—In jointly tried negligence actions to recover damages for personal injuries, etc., defendants Kerley appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated April 18, 1977, as (1) set aside the verdict of the jury against defendant Seymour Aron, (2) directed that judgment be entered by plaintiffs Ostwind against appellants only, and (3) directed a trial on the issue of liability in Action No. 2. Order reversed insofar as appealed from, with costs, jury verdict against defendant Aron reinstated, and Action No. 2 dismissed. The trial court erred in setting aside the jury's verdict insofar as it was against defendant Seymour Aron, since that verdict was not against the weight of the evidence. Rabin, J. P., Shapiro, Suozzi and O'Connor, JJ., concur.

■ Elaine C. Rosenberg, Appellant, v Armand J. Rosenberg, Respondent.—In a divorce action, the plaintiff appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Westchester County, dated March 18, 1977, as (a) directed that she submit to a mental examination by a specified doctor and (b) denied her motion for alimony, child support, etc., with leave to renew upon completion of the mental examination and (2) from so much of a further order of the same court, dated June 9, 1977, as denied her motion for reargument. (A cross appeal by defendant from stated portions of the order dated March 18, 1977 has apparently been abandoned.) Appeal from the order dated June 9, 1977, dismissed, without costs or disbursements. No appeal lies from an order denying a motion for reargument. Order dated March 18, 1977 modified by deleting from the first decretal paragraph thereof the name and address of the doctor designated to conduct the mental examination of plaintiff. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and action remitted to Special Term for the designation of a new doctor to conduct the mental examination, which designation shall be made without consulting the parties. The doctor designated by the court is affiliated with an institution which is presently being sued by the plaintiff-appellant. In order to avoid any possible prejudice to the plaintiff, Special Term should have selected a psychiatrist who is not involved, in any manner, with the plaintiff's lawsuit. Hopkins, J. P., Rabin, Shapiro and O'Connor, JJ., concur.